IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HAKEEM K. ONALAJA,

    Plaintiff,

v.                                  No. CIV 12-1081 JB/ACT

ADRIAN MARCIAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, sua sponte under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Hakeem K. Onalaja's Prisoners Civil Rights Complaint, filed Oct. 18, 2012 (Doc. 1)("Complaint").  Onalaja is an immigration detainee, appears pro se, and is proceeding in forma pauperis.  The Court will dismiss the Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  The Court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing Onalaja's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes

the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint names Adrian Marcias, a Department of Homeland Security/Immigration and Customs Enforcement Field Office Director, as the Defendant.  See Complaint ¶ 2, at 1. Onalaja alleges that officials transferred him from New Mexico to Alabama, and a number of his personal property items did not arrive in Alabama.  See Complaint at 2.  His attempts to retrieve his property through administrative channels have been unsuccessful.  See Complaint at 2. Onalaja contends that Marcias's actions violated his rights under the Constitution, and the Court has jurisdiction of his claims under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  See Complaint ¶ 3, at 1; id. at 2.  For relief, the Onalaja seeks replacement of the property or reimbursement for its value.  See Complaint at 3.

Onalaja alleges that he pursued administrative remedies for the loss of his property. Because these remedies were available to him, no relief is available on his constitutional claim. As the United States Court of Appeals for the Tenth Circuit stated in a similar action against federal correctional officers for deprivation of an inmate's property:

> Even if [Onalaja]'s complaint could be construed as raising a claim that the correctional officers intentionally deprived him of his property, he cannot state a constitutional violation.  The prison provided [Onalaja] with an administrative remedy after the loss of his [property].  Thus, he was afforded a meaningful post-deprivation remedy for the alleged loss and cannot assert a constitutional claim.

Wilson v. United States, 29 F. App'x 495, 496-97 (10th Cir. 2002) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)).  Onalaja's Complaint fails to state a claim for relief against Marcias for a constitutional violation, and the Court will dismiss the Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff Hakeem K. Onalaja's Prisoners Civil Rights Complaint, filed Oct. 18, 2012 (Doc. 1), is dismissed with prejudice, and judgment will be

entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Hakeem K. Onalaja
Etowah County Detention Center
Gadsden, Alabama

   *Plaintiff pro se*